### 7597. DICKSON *v.* DAVIS & FREEMAN INCORPORATED.

Whether the minds of the vendor and the vendee met as to the purchase-price of the article sold was purely a question of fact; and, since there was positive and unequivocal testimony that the amount sued for was the price agreed upon by the parties at the time of the sale, the finding

to that effect by the judge of the municipal court, sitting without the intervention of a jury, can.not be set aside by this court.

DECIDED NOVEMBER 22, 1916.

Complaint; from municipal court of Atlanta. May 12, 1916.

*Westmoreland & Westmoreland,* for plaintiff in error.

WADE, C. J. It is unnecessary to add to the ruling above, but a short statement of the questions at issue, together with some of the evidence adduced at the trial, will not be amiss. Suit was brought by Davis & Freeman Incorporated against Dickson, to recover $105, alleged to be due as the balance of the purchase-price of $185, for a La Valliere sold to him for presentation to a young lady in his employ as a reward for some special and successful efforts on her part in the sale of certain stocks or bonds. Both the defendant and the woman employee to whom he presented the piece of jewelry, the price of which was sued for, testified that the defendant expressed to Davis, of the plaintiff company, a desire to expend about $40 or $50, and not exceeding $60, for the proposed gift, and that finally Davis exhibited the article actually sold, and priced it at $85, which amount the defendant at length agreed to pay, and thereupon directed Davis to charge him with the price thereof, and then and there delivered the article itself to the young woman for whom it was intended. Both Dickson and his employee testified positively that $185 was not mentioned as the price of the article, and that he never agreed to pay any such sum therefor. On the other hand, Davis testified positively that $185 was the price fixed by him for the piece of jewelry, and that the defendant agreed to pay this sum. Davis's testimony in full, both on direct and cross-examination, appears in the record as follows: "In December, 1912, I was in the jewelry business in Atlanta, Ga. About the 12th or 15th of December, 1912, about 7 o'clock p. m., Mr. John D. Dickson and a young lady came into my store and wanted to see some La Vallieres. I waited on them myself, as I was the only one in the store at that time. I showed them several, and then I showed them one and priced it at $185. It was on a card which had marked on it $185 in plain numerals. They liked that one and took it. Mr. Dickson tried to make me come down in the price, but I told him that it was a one-price store. I made out a price ticket and put it in the drawer immediately after they left. He tried to get me to reduce the price from $185 to $150, and then

to $175, but I told him I had only one price.  Mr. Dickson was to pay for it by the month, and the statement was to be sent to him on the first day of February.  It was a La Valliere that sold for $185 on the market, and that was the purchase-price of it.  I was out of the city the month of January, in Florida, and while away Mr. Latham, my bookkeeper, wrote me that there was some mistake as to the La Valliere Mr. Dickson bought, and that Mr. Dickson claimed that he owed only $85, instead of $185, and Mr. Latham told Mr. Dickson that I would take the matter up with him as soon as I returned to the city.  I did not return to the city until the latter part of February, 1913.  When Mr. Dickson and the young lady came in, Mr. Dickson said that he wanted to buy a La Valliere, something about forty-five or fifty dollars, and not over sixty.  He was to pay for it by the month, and statement was to be sent to him on the first of February, 1913."

It is apparent that if this testimony be accepted as the truth of the transaction, there was no mistake of fact at the time the sale was made, but Davis fixed the price at $185 and Dickson agreed to pay this specific amount.  In fact, under the testimony of Davis, it can not even be assumed that Dickson misunderstood the amount which he was to pay for the piece of jewelry, for Davis testified: Dickson "tried to get me to reduce the price from $185 to $150, and then to $175, but I told him I had only one price," to wit, $185, stated to Dickson, and which Davis declared was the price marked in plain figures on the card to which the La Valliere was attached.  This testimony to the effect that they dickered over the price to be paid for the piece of jewelry negatives the suggestion that (so far as the testimony for the plaintiff is concerned) there was or could have been any mistake of fact between the parties to the transaction.  It is true that the evidence for the defendant would tend to show that a mistake of fact was actually made, but the trial judge, who exercised in this case the function of a jury, must have accepted as true the evidence for the plaintiff, to the effect that the price sued for was fixed by the seller and agreed to by the buyer, and therefore that the minds of the parties met and a contract resulted to pay the price sued for by the vendor; and this court is without authority to set aside a verdict sufficiently supported by evidence.  What indeed may have been the truth of the transaction, and whether or not the testimony in behalf of the

plaintiff should rather have been credited by the trial judge than that in behalf of the defendant, was a question for that judge, and not for this court. It is unnecessary to enter the realm of conjecture so far as the determination of this case is concerned, in order to decide what judgment should have been rendered by the trial court if there had been no evidence to support the finding that a contract was made between the parties, and absolutely denying the possibility of any mistake as to the price.

The entire case as presented by the record turns altogether upon a question of fact; and it is not within the province of this court to interfere with the judgment rendered, unless there was no evidence to support the judgment and it was for that reason contrary to law. *Judgment affirmed.*